```
                       UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF INDIANA
                             HAMMOND DIVISION

GWEN S. BOUWKAMP,                )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 2:05 cv 226
                                 )
CSX CORPORATION, CSX             )
TRANSPORTATION, INC., and ELLAS  )
CONSTRUCTION COMPANY,            )
                                 )
          Defendants             )
*****************************
DENNIS D. STEPHENS,              )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 2:05 cv 228
                                 )
CSX TRANSPORTATION, INC., a      )
Corporation, and ELLAS           )
CONSTRUCTION COMPANY, INC., a    )
Corporation,                     )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel CSX to Produce Documents and to Extend Deadline for Bouwkamp to Conduct Discovery filed by the plaintiff, Gwen S. Bouwkamp, on October 13, 2006 (DE 31), and the Motion to Extend Discovery and Dispositive Deadlines filed by the defendant, Ellas Construction Company, on November 15, 2006 (DE 37). For the reasons set forth below, Bouwkamp's motion to compel and extend deadlines is **GRANTED IN PART and DENIED IN PART AS MOOT.** The motion to extend is **DENIED AS MOOT.**

Background

The plaintiffs, Gwen S. Bouwkamp and Dennis S. Stephens, are employees of CSX. On June 11, 2003, Bouwkamp and Stephens were riding a CSX train as it passed under U.S. Highway 41 in St. John, Indiana. Defendant Ellas Construction was engaged by the State of Indiana to make repairs to the Highway 41 bridge that passed over this section of railroad tracks. The train struck material on the tracks and derailed. Stephens and Bouwkamp brought claims seeking recovery for injuries sustained from this occurrence.

Bouwkamp's motion to compel regards three requests for production served on CSX on March 2, 2006. However, after Bouwkamp filed her motion to compel, CSX provided information responsive to two of these requests. Specifically, CSX produced the transcripts of depositions taken in parallel state court proceedings of two CSX employees, Dennis Biegel and Jonathon White. CSX further produced the material relied upon by its expert witness, E. James Jennings. The dispute, consequently, primarily is focused upon Bouwkamp's request for the "personnel file" of Jonathon White, who was employed as a flagman by CSX at the scene of the derailment. White was investigated and disciplined by CSX in connection with the accident.

In Request 12, Bouwkamp requested all documents describing communication regarding the June 11, 2003 accident "between CSX personnel and other CSX personnel or . . . any other person, entity or government agency." With Request 13, Bouwkamp sought

2

the personnel files of any CSX employee assigned to work on the train that derailed or otherwise at the scene of the accident.

## Discussion

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the Federal Rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence."  Rule 26(b)(1); ***Chavez v. Daimler Chrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Amendments to Rule 26 narrowed relevance from that which is related to the "subject matter" of the case to matters related particularly to "claims or defenses," but relevance remains broadly construed. ***Sanyo Laser Products, Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 500 (S.D. Ind. 2003) ("The change, while meaningful, is not dramatic, and broad discovery remains the norm.").

A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure 37(a)(2)-(3). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." ***Gile v. United Airlines Inc.***, 95 F.3d 492, 496 (7th Cir. 1996); ***Patterson v. Avery Dennison Corporation***, 281 F.3d 676, 681 (7th

Cir. 2002)("[T]he court should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court.")(internal citations omitted).

Provided the information sought meets the standard of relevancy described in the Federal Rules, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 449-450 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). Discovery, however, is not limitless, "and these limits become more formidable as the showing of need decreases." *Rubin v. Islamic Republic of Iran*, 349 F.Supp.2d. 1108, 1111 (N.D. Ill. 2004)(*quoting* *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 904 (7th Cir. 1981).

Regarding Bouwkamp's request for the personnel file of CSX employees assigned to work at the location of the derailment, CSX initially responded (after the customary generalized objection that the request is "irrelevant, immaterial, vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to . . . admissible evidence") that the plaintiff's [Bouwkamp's] personnel file would be provided. This is, at best, an incomplete response because Bouwkamp did not ask for merely her own personnel file. As for CSX's generalized objections, they

4

have no value in the resolution of this matter. Further, making such objections does not operate to transfer the burden to the party making the request. Rather, it is CSX's obligation to support its objection specifically. See *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. 2006) (collecting cases)("That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.")(internal quotations and citations omitted)

CSX supported its general objections with just two arguments. First, CSX stated that White's personnel file contains private information that should be shielded from disclosure. Next, it characterized White as a third-party witness who already has been deposed regarding the discipline he received in connection with the accident.

The court agrees that the type of information CSX refers to as private - related to insurance, medical records, banking information, social security numbers, or salary information - may not be  relevant in this matter. In fact, this court's Local Rules prohibit the filing of documents that contain such information without redaction. *See* Local Rule 5.2.  However, the concern over privacy, beyond that addressed by the local rules, is a proper basis to seek a protective order under Rule 26, not to foreclose discovery altogether. More importantly, the parties do

5

not appear to present any dispute over the scope of this request. Bouwkamp states that the request "is directed to information specifically related to the derailment which resulted in [her] injuries." In that regard, the request for personnel files, Request 13, overlaps with Request 12, in which she sought production of "communications of any type" between CSX, its own personnel, and others, regarding the June 11, 2003 events. CSX offered no objection to Request 12.

Finally, CSX's characterization of White as a non-party witness is inaccurate. White is an employee of the defendant whose own acts could be the source of liability for the defendant. This is the primary reason why CSX's reliance on **Raddatz v. The Standard Register Company**, 177 F.R.D. 446, 448 (D. Minn. 1997) is incorrect. In that case, the court permitted an employment discrimination plaintiff's request for the files of every employee, but citing privacy interests, limited the scope of the request from the past ten years to four.  In contrast, Bouwkamp's request concerns a single direct actor in the events from which liability in this case will be determined. The information plainly is relevant. See **Cardenas v. The Prudential Insurance Company of America**, 2003 WL 244640 (D. Minn. 2003); **Balderston v. Fairbanks Morse Engine Division of Coltec Industries**, 328 F.3d 309, 320 (7th Cir. 2003); **India Brewing Inc. v. Miller Brewing Company**, 237 F.R.D. 190, 193 (E.D. Wis. 2006).

Finally, CSX argues that because White already has been deposed, Bouwkamp should be precluded from seeking similar

6

information through a request for production. The argument fails to acknowledge that Bouwkamp's request for this information was made long before White's deposition and has been subject to months of delay by CSX alone. In addition, under Rule 26, CSX must show more than the possibility of a duplicative response. Rather, CSX must show that it is necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). Or, CSX might argue that the burden of producing this information outweighs its benefit. See **Patterson**, 281 F.3d at 681. CSX has made neither argument. Finally, CSX's argument, which interprets the Federal Rules to permit discovery by only the least intrusive means, is unsupportable.

Accordingly, CSX is ordered to produce information responsive to Bouwkamp's Request 13, including that which is contained in personnel files. These documents shall be redacted to conform to the requirements of the local rules. To the extent that the information implicates valid privacy concerns, the parties further may seek to file documents under seal pursuant to Rule 26.

Federal Rule of Civil Procedure 37(a)(4)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. **Stookey v. Teller Training Distributors, Inc**., 9 F.3d 631, 637 (7th Cir. 1993)("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(4) are appropriate unless the party's nondisclosure was "substantially justified." Rule 37(a)(4)(A).  CSX is required to

pay the costs associated with bringing this motion to compel, and Bouwkamp shall file an itemized description of those costs.

In light of her request to compel discovery, Bouwkamp initially sought a 30-day extension of the discovery deadline, measured from the date of this order. In addition, defendant and counter plaintiff Ellas Construction, who has referred to scheduling difficulties arranging Rule 30(b)(6) depositions of CSX, sought to extend the discovery deadline to December 31, 2006 to permit these depositions. Subsequently, the parties filed a Stipulation on December 13, 2006 indicating their agreement on discovery deadlines. Accordingly, Bouwkamp's motion to extend discovery and the Motion to Extend Discovery filed by Ellas Construction on November 15, 2006 are **DENIED AS MOOT**. In accordance with the parties' stipulation, discovery, with the exception of the deposition of plaintiff Stephen's expert witness, shall be extended through December 29, 2006. Dispositive motions made by defendant Ellas Construction shall be filed no later then December 29, 2006. Discovery is also extended until 30 days before trial for the limited purpose of conducting the depositions of Drs. Cusack, Griffith, Bigler and Conrad. The trial settings in both cases are **REAFFIRMED**.

_____

For the forgoing reasons, the Motion to Compel CSX to Produce Documents and to Extend Deadline for Bouwkamp to Conduct Discovery filed by the plaintiff, Gwen S. Bouwkamp, on October 13, 2006 (DE 31) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

8

The Motion to Extend Discovery and Dispositive Deadlines filed by the defendant, Ellas Construction Company, on November 15, 2006 (DE 37) is **DENIED AS MOOT**. Bouwkamp is **ORDERED** to file a statement of itemized costs associated with bringing the motion to compel.

ENTERED this 12th day of January, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge